869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George W. PRIDEMORE, Defendant-Appellant.
 No. 88-3521.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 Before ENGEL, Chief Judge, MERRITT and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The United States brought suit against defendant Pridemore to collect on federally insured student loans which were due and payable. Mr. Pridemore raised defenses of prevention of performance and bad faith on the part of the government. He alleged that the executive branch was preventing him from performing the contract because he is handicapped by cerebral palsy and dyslexia and that the government was refusing to enforce or fund programs for his rehabilitation. His defense of bad faith was based on the allegation that the United States Attorney had initiated this action because of defendant's political beliefs. Both parties filed motions for summary judgment. The district court denied defendant's motion and entered judgment for the United States.
 
 
 3
 Upon consideration, we conclude that summary judgment was proper in this case as there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). As the plaintiff had established its entitlement to payment on the debt, defendant was required to come forward with some evidence to substantiate his defenses. To oppose a motion for summary judgment, unsupported allegations are insufficient; significant probative evidence must be submitted. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). The defendant in this case failed to establish any factual basis for his alleged defenses; thus there was no basis upon which a jury could have returned a verdict in his favor. See Anderson, 477 U.S. at 248.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.